## OPOTHLE YOHOLO versus MITCHEEL.

1. A judgment by default will not preclude a party from challenging a juror on the trial.

In error from Montgomery Circuit court.

This action was assumpsit, upon promises, brought by Mitchell againt Opothle-Yohola, an Indian chief, in which there was a verdict for the plaintiff below. There was a judgment by default, and on executing a writ of enquiry, the defendant offered to challenge a juror, which the court disallowed. Among many other exceptions, this was taken, which disposing of the case, it is unnecessary to notice the rest.[a]

TAYLOR, J.—In this case there are three assignments of error, to wit:

1st. The court below erred in not quashing the return of the sheriff, on motion.

2d. The court erred in overruling the challenge of a juror.

3d. The court erred as stated in the bill of exceptions.

The first assignment is intended to bring before us the legality of the service of process, within the Creek Nation of Indians, and the constitutionality of the law which extends the jurisdiction of the courts of the state, over that portion of its chartered limits, which lies within the country occupied by the different In-

[a] In this case was also considered the question of jurisdiction, decided in the ease of Caldwell vs. The State, 1st Stew. & Porter 327, wherein was determined the right of the State to extend her civil and criminal jurisdiction over the Indian Territory.

dian tribes. The decision made in the case of *Caldwell* vs. *The State* settles that question, and determines that those laws are constitutional.

There was a judgment by default below, and a writ of inquiry awarded, to ascertain the amount of the damages. Upon the execution of this writ of inquiry, the defendant appeared, either by himself or counsel, and made a peremptory challenge of one of the jurors. By statute, either party in any suit depending in a court in this state, may, upon the trial, challenge, peremptorily, not exceeding four jurors.— This is the substance of the act. The challenge in this case, was "disallowed" by the court. Why it was disallowed we are not informed, but it was probably believed by the judge, that as there was no regular appearance of the defendant, and an interlocutory judgment by default had been rendered against him, he could not be considered in court for any purpose.

A judgment by default is certainly an admission of the cause of action, and relieves the plaintiff from the necessity of proving that he has a right to sue.— Where the action is founded on a promissory note or bill of exchange, or any instrument of writing, ascertaining the sum due, it is, at common law, unnecessary for the plaintiff to prove the note, bill, &c., though it must be produced to the jury, in order that they may see whether any money has been paid upon it. But where the action sounds in damages merely, and the plaintiff has to prove the amount of those damages; as if it be upon an account, &c., the defendant may introduce proof to show that articles are charged in the account which he never received, or that the prices charged are too high, &c.; or, if it be

for the use and occupation of a house, although the judgment by default admits that the defendant occupied a house of the plaintiff, yet the former is permitted to prove that he did not occupy the particular house about which the plaintiff has introduced evidence.[a] If then, the defendant has a right to offer proof to lessen the damages, he surely can not be deprived of the privilege which the statute gives, of challenging jurors – as the jury is to weigh the testimony of both parties, and assess the damages. In England, pending the rule for judgment, after the execution of the writ of inquiry ; the defendant may move to set aside the inquisition on account of an objection to the jury, or mode of returning them, &c.[b] If this is the case he certainly would be authorised at the time the jury was impannelled to make the inquisition, and before they were sworn, to challenge one or more of them for the same objection.

In disallowing the challenge of the juror, we believe the court erred.

The last assignment embraces a point, which, under the circumstances, is novel and difficult: and, as the case has been submitted without argument, we feel unwilling to decide it. It is by no means certain this court would consider the construction put upon the letter of the original defendant as free from error, unless the judgment by default should have the effect of precluding an examination of that point.— Not having had the aid of argument by counsel, nor any reference to authorities, we think it safe to leave this part of the case for examination in the court below.

Let the judgment be reversed, and the cause remanded.